UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MID-AMERICA CARPENTERS REGIONAL
COUNCIL PENSION FUND, MID-AMERICA
CARPENTERS REGIONAL COUNCIL
HEALTH FUND, MID-AMERICA
CARPENTERS REGIONAL COUNCIL
APPRENTICE AND TRAINEE PROGRAM,
and MID-AMERICA CARPENTERS
REGIONAL COUNCIL SUPPLEMENTAL
RETIREMENT FUND,

                Plaintiffs,

    v.

CAROLINA TRIM, LLC, a North Carolina
limited liability company,

                Defendant.

## COMPLAINT

Plaintiffs, the MID-AMERICA CARPENTERS REGIONAL COUNCIL PENSION

FUND ("Pension Fund"), MID-AMERICA CARPENTERS REGIONAL COUNCIL HEALTH

FUND ("Health Fund"), MID-AMERICA CARPENTERS REGIONAL COUNCIL

APPRENTICE AND TRAINEE PROGRAM ("Apprentice Fund"),  and MID-AMERICA

CARPENTERS REGIONAL COUNCIL SUPPLEMENTAL RETIREMENT FUND

("Retirement Fund") and their respective trustees (hereinafter collectively the "Trust Funds"), by

their attorney Kevin P. McJessy, complain of Defendant CAROLINA TRIM, LLC, a North

Carolina limited liability company ("Defendant") as follows.

### SUMMARY OF THIS ACTION

1.      The Trust Funds bring this action against the Defendant under ERISA because

Defendant failed to pay amounts owed to the Trust Funds pursuant to the Area Agreement and

the Trust Agreements for the period October 1, 2020 to September 30, 2022 ("Audit Period") as determined by an audit of Defendant's fringe benefit contributions ("contributions") by Legacy Professionals, LLP ("Legacy Professionals").  The Trust Funds seek payment of all contributions owed by Defendant for the Audit Period, interest and liquidated damages, auditors' fees and attorneys' fees and costs.

## JURISDICTION

2.      This Court has jurisdiction over this matter based on questions arising under §502 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") and §301 of the Taft-Hartley Act.  (29 U.S.C. §§ 1132 and 185).

## VENUE

3.      Venue is proper in this District because the Trust Funds are multi-employer employee benefit plans which are located in and administered in Chicago, Illinois.

## THE PARTIES

4.      **The Trust Funds.**  The Trust Funds receive contributions from numerous employers pursuant to the Area Agreement ("Area Agreement") in effect from time to time between the employers and the Chicago and Northeast Illinois Regional Council of Carpenters (hereinafter referred to as the "Union") and therefore are multi-employer plans.  (29 U.S.C. §1002).

5.      The Trust Funds collect contributions on their own behalf and on behalf of related funds which have charged the Trust Funds with the obligation to collect contributions.

6.      The Trust Funds then use the contributions to provide medical, pension, training and other benefits to Union carpenters and other persons.

7. **Defendant.** Defendant is a North Carolina limited liability company engaged in an industry affecting commerce.

8. Defendant signed a Memorandum of Agreement ("Agreement") with the Union on March 17, 2015. A copy of the Agreement is attached as Exhibit A.

9. Pursuant to the Agreement, Defendant agreed to be bound by the Area Agreement, by the terms of the trust agreements establishing each of the Trust Funds, and by the rules and regulations adopted by the Trustees of each of the Trust Funds.

10. The Agreement, the Area Agreement, the trust agreements and the rules and regulations adopted by the Trustees of each of the Trust Funds are hereinafter collectively referred to as "Agreements."

## GENERAL ALLEGATIONS

11. The Agreements and ERISA, 29 U.S.C. §1059, require Defendant to maintain books and records sufficient for the Trust Funds or their designees to determine whether Defendant has accurately reported and paid contributions it owes to the Trust Funds.

12. The Agreements and ERISA, 29 U.S.C. §1059, require Defendant to produce such books and records to the Trust Funds or their designees so that the Trust Funds or their designees can determine whether Defendant has accurately reported and paid contributions Defendant owes to the Trust Funds.

13. The Agreements require Defendant to contribute to the Trust Funds for each hour worked by Defendant's employees performing jurisdictional work.

14. The Agreements prohibit the employer from subcontracting jurisdictional work to nonunion subcontractors for work performed at a jobsite.

3

15.    The Area Agreement provides that if Defendant subcontracts jurisdictional work to a subcontractor who is not signatory to the Area Agreement, then Defendant shall require the subcontractor to be bound by the terms of the Area Agreement or Defendant shall maintain daily records of the subcontractor's employees and pay contributions to the Trust Funds for the hours worked by the subcontractor's employees.

16.    At the Trust Funds' direction, the independent auditing firm Legacy Professionals, LLP conducted an audit of Defendant's books and records for the Audit Period ("Audit").  The Audit revealed unpaid fringe benefit contributions.  The Trust Funds demanded that Defendant pay the amount due but Defendant failed to pay the amount due.

17.    On or about November 7, 2025 and July 9, 2026, in an effort to avoid litigation, the Trust Funds demanded that Defendant pay the amount due on the Audit but Defendant failed to pay the amount due.

## COUNT I

18.    The Pension Fund hereby incorporates paragraphs 1 - 17 above as though fully set forth herein.

19.    Defendant breached the provisions of the Area Agreement and the Trust Agreements by failing to pay fringe benefit contributions due and owing during the Audit Period and by failing to pay other amounts owed to the Trust Funds, including liquidated damages and interest.

20.    The Area Agreement, Trust Agreements, and ERISA require Defendant to pay liquidated damages, auditor's fees, and all attorney's fees and court costs that the Pension Fund incurs in the collection process.

21.    The Pension Fund has complied with all conditions precedent in bringing this suit.

22. The Pension Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Pension Fund and/or to compel production of all books and records necessary for an audit.

23. Defendant must pay attorney's fees and court costs that the Pension Fund incurs in this matter pursuant to 29 U.S.C. §1132(g)(1) and/or §1132(g)(2)(D).

24. This Court should award the Pension Fund, pursuant to 29 U.S.C. §1132(g)(2)(B), interest on the amount that is due.

25. This Court should award the Pension Fund, pursuant to 29 U.S.C. §1132(g)(2)(C), an amount equal to the greater of:

(a) interest on any unpaid contributions; or

(b) liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Pension Fund prays for judgment in its favor which orders Defendant:

A. to pay any and all contribution amounts the Defendant owes the Pension Fund and which the Pension Fund is responsible for collecting or authorized to collect under the Agreements;

B. to pay interest on the amount that is due;

C. to pay interest or liquidated damages on the amount that is due;

D. to pay the reasonable attorney's fees and costs the Pension Fund incurred in this action;

E. to pay auditor's fees incurred to establish the amount due; and

F. to award the Pension Fund such other and further relief as the Court deems just and equitable.

## COUNT II

26.     The Health Fund hereby incorporates paragraphs 1 - 17 above as though fully set forth herein.

27.     Defendant breached the provisions of the Area Agreement and the Trust Agreements by failing to pay fringe benefit contributions due and owing during the Audit Period and by failing to pay other amounts owed to the Trust Funds, including liquidated damages and interest.

28.     The Area Agreement, Trust Agreements, and ERISA require Defendant to pay liquidated damages, auditor's fees, and all attorney's fees and court costs that the Health Fund incurs in the collection process.

29.     The Health Fund has complied with all conditions precedent in bringing this suit.

30.     The Health Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Health Fund and/or to compel production of all books and records necessary for an audit.

31.     Defendant must pay attorney's fees and court costs that the Health Fund incurs in this matter pursuant to 29 U.S.C. §1132(g)(1) and/or §1132(g)(2)(D).

32.     This Court should award the Health Fund, pursuant to 29 U.S.C. §1132(g)(2)(B), interest on the amount due.

33.     This Court should award the Health Fund, pursuant to 29 U.S.C. §1132(g)(2)(C), an amount equal to the greater of:

(a)     interest on any unpaid contributions; or

(b)     liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Health Fund prays for judgment in their favor which orders Defendant:

A. to pay any and all contribution amounts the Defendant owes the Health Fund and which the Health Fund is responsible for collecting or authorized to collect under the Agreements;

B. to pay interest on the amount that is due;

C. to pay interest or liquidated damages on the amount that is due;

D. to pay the reasonable attorney's fees and costs the Health Fund incurred in this action;

E. to pay auditor's fees incurred to establish the amount due; and

F. to award the Health Fund such other and further relief as the Court deems just and equitable.

## **COUNT III**

34. The Trainee Fund hereby incorporates paragraphs 1 - 17 above as though fully set forth herein.

35. Defendant breached the provisions of the Area Agreement and the Trust Agreement by failing to pay fringe benefit contributions due and owing during the Audit Period and by failing to pay other amounts owed to the Trust Funds, including liquidated damages and interest.

36. The Area Agreement, Trust Agreements, and ERISA require Defendant to pay liquidated damages, auditor's fees, and all attorney's fees and court costs that the Trainee Fund incurs in the collection process.

37. The Trainee Fund has complied with all conditions precedent in bringing this suit.

38. The Trainee Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Trainee Fund and/or to compel production of all books and records necessary for an audit.

39.     Defendant must pay attorney's fees and court costs that the Trainee Fund incurs in this matter pursuant to 29 U.S.C. §1132(g)(1) and/or §1132(g)(2)(D).

40.     This Court should award the Trainee Fund, pursuant to 29 U.S.C. §1132(g)(2)(B), interest on the amount due.

41.     This Court should award the Trainee Fund, pursuant to 29 U.S.C. §1132(g)(2)(C), an amount equal to the greater of:

(a)     interest on any unpaid contributions; or

(b)     liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Trainee Fund prays for judgment in their favor which orders Defendant:

A.     to pay any and all contribution amounts the Defendant owes the Trainee Fund and which the Trainee Fund is responsible for collecting or authorized to collect under the Agreements;

B.     to pay interest on the amount that is due;

C.     to pay interest or liquidated damages on the amount that is due;

D.     to pay the reasonable attorney's fees and costs the Trainee Fund incurred in this action;

E.     to pay auditor's fees incurred to establish the amount due; and

F.     to award the Trainee Fund such other and further relief as the Court deems just and equitable.

## COUNT IV

42.     The Retirement Fund hereby incorporates paragraphs 1 - 17 above as though fully set forth herein.

43.     Defendant breached the provisions of the Area Agreement and the Trust Agreements by failing to pay fringe benefit contributions due and owing during the Audit Period

8

and by failing to pay other amounts owed to the Trust Funds, including liquidated damages and interest.

44. The Area Agreement, Trust Agreements, and ERISA require Defendant to pay liquidated damages, auditor's fees, and all attorney's fees and court costs that the Retirement Fund incurs in the collection process.

45. The Retirement Fund has complied with all conditions precedent in bringing this suit.

46. The Retirement Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Retirement Fund and/or to compel production of all books and records necessary for an audit..

47. Defendant must pay attorney's fees and court costs that the Retirement Fund incurs in this matter pursuant to 29 U.S.C. §1132(g)(1) and/or §1132(g)(2)(D).

48. This Court should award the Retirement Fund, pursuant to 29 U.S.C. §1132(g)(2)(B), interest on the amount due.

49. This Court should award the Retirement Fund, pursuant to 29 U.S.C. §1132(g)(2)(C), an amount equal to the greater of:

(a) interest on any unpaid contributions; or

(b) liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Retirement Fund prays for judgment in their favor which orders Defendant:

A. to pay any and all contribution amounts the Defendant owes the Retirement Fund and which the Retirement Fund is responsible for collecting or authorized to collect under the Agreements;

B. to pay interest on the amount that is due;

9

C.      to pay interest or liquidated damages on the amount that is due;

D.      to pay the reasonable attorney's fees and costs the Retirement Fund incurred in this action;

E.      to pay auditor's fees incurred to establish the amount due; and

F.      to award the Retirement Fund such other and further relief as the Court deems just and equitable.

MID-AMERICA CARPENTERS REGIONAL COUNCIL PENSION FUND *et al.*

By:   s/ Kevin P. McJessy
                One of Their Attorneys

Kevin P. McJessy
MCJESSY, CHING & THOMPSON, LLC
3759 North Ravenswood, Suite 231
Chicago, Illinois 60613
(773) 880-1260
(773) 880-1265 (facsimile)
mcjessy@mcandt.com

10

25459

# Memorandum of Agreement

**Employer**  CAROLINA TRIM, LLC                    **Address:**  7304 SPARHAWK RD

**City**  WAKE FOREST          **State**   NC   **Zip**  27587          **PHONE**  919-227-9014

THIS AGREEMENT is entered into between the Chicago Regional Council of Carpenters ("Union") and the Employer, including its successors and assigns covering the geographic jurisdiction of the Union including the following counties in Illinois: Boone, Bureau, Carroll, Cook, De Kalb, DuPage, Grundy, Henderson, Henry, Iroquois, Jo Daviess, Kane, Kankakee, Kendall, Lake, La Salle, Lee, Marshall, McHenry, Mercer, Ogle, Putnam, Rock Island, Stark, Stephenson, Whiteside, Will, Winnebago. The following counties in Iowa: Allamakee, Appanoose, Benton, Black Hawk, Bremer, Buchanan, Butler, Cedar, Cerro Gordo, Chickasaw, Clayton, Clinton, Davis, Delaware, Des Moines, Dubuque, Fayette, Floyd, Franklin, Grundy, Hancock, Henry, Howard, Iowa, Jackson, Jefferson, Johnson, Jones, Keokuk, Kossuth, Lee, Linn, Louisa, Mahaska, Mitchell, Monroe, Muscatine, Scott, Tama, Van Buren, Wapello, Washington, Wayne, Winnebago, Winneshiek, Worth, Wright. The following counties in Wisconsin: Kenosha, Milwaukee, Ozaukee, Racine, Washington and Waukesha. The Union and the Employer do hereby agree to the following:

1. The Employer recognizes the Union as the sole and exclusive bargaining representative on behalf of its employees who are working within the territorial and occupational jurisdiction of the Union.

2. The Employer has reviewed sufficient evidence and is satisfied that the Union is the exclusive bargaining representative of a majority of its employees presently working within the territorial and occupational jurisdiction of the Union.

3. The Employer and the Union agree to incorporate into this Memorandum Agreement and to be bound by the Agreements negotiated between the Chicago Regional Council of Carpenters and various employers and employer associations, including all Area Agreements for the period beginning with the execution of this Memorandum Agreement and ending on the expiration dates of any current and successor Agreements which are incorporated herein (see attached list). Unless the Employer provides written notice by certified mail to the Chicago Regional Council of its desire to terminate or modify the Agreement at least three (3) calendar months prior to the expiration of such Agreements, the Agreement shall continue in full force and effect through the full term and duration of all subsequent Agreements which are incorporated by reference.

4. The Employer agrees to be bound to the terms of the various Trust Agreements to which contributions are required to be made under the Agreements incorporated in Paragraph 3, including all rules and regulations adopted by the Trustees of each Fund.

In Witness Whereof the parties have executed this Memorandum of Agreement on this **17th** day of **March, 2015.**

**EMPLOYER**

_[signature]_

MARK LAVINEC / OWNER
Print Name and Title

**CHICAGO REGIONAL COUNCIL OF CARPENTERS**

_[signature]_

Authorized Regional Council
Representative